ACCEPTED
05-14-00202-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
2/26/2015 10:32:58 PM
LISA MATZ
CLERK

**05-14-00202-CV**

IN THE
COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
2/26/2015 10:32:58 PM
LISA MATZ
Clerk

_____

**MILLBOOK HEALTHCARE AND REHABILITATION CENTER**,
Defendant & Appellant,

vs.

**SHAUNDRA EDWARDS, on Behalf of the Estate of Georgia Cullens**,
Plaintiff & Appellee.

_____

*On Accelerated Interlocutory Appeal from the 14th Judicial District Court for Dallas County, Texas*
*Trial Court Cause No. DC- 13-07856-A*

_____

**APPELLEE'S MOTION FOR REHEARING**

_____

Julius S. Staev
Texas Bar No. 00792855
jstaev@staevlaw.com
Brian R. Arnold
Texas Bar No. 01340195
arnoldenda@aol.com
2101 Cedar Springs Rd., Ste. 1050
Dallas, Texas 75201
Tel: (214) 347-0569
Fax: (214) 279-5674

*Counsel for Appellee*

# TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................................... ii

INDEX OF AUTHORITIES .............................................................................. iii

ARGUMENTS AND AUTHORITIES ................................................................. 1

    ATTORNEY'S FEES AND COSTS ARE NOT AVAILABLE
    TO APPELLANT AS TIMELY REPORT WAS SERVED ........................ 1

        Appellee's Amended Expert Report represented
        a good faith effort to comply with the definition
        of an expert report under minimal standards suggested
        by the Supreme Court in *Scoresby v. Santillan* ............................... 1

PRAYER ................................................................................................................ 4

CERTIFICATE OF SERVICE ............................................................................ 5

CERTIFICATE OF COMPLIANCE ................................................................... 5

# INDEX OF AUTHORITIES

**CASES:**

*Scoresby v. Santillan*,
> 346 S.W.3d 546, 54 Tex. Sup. Ct. J. 1413 (Tex., 2011) ) . . . . . . . . . . . -2-, -3-

**TEXAS CONSTITUTION, STATUTES AND RULES:**

Tex. Civ. Prac. & Rem. Code § 74.351(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

## ARGUMENTS AND AUTHORITIES

Appellee requests that the Court reconsider its decision and opinion holding that the expert report filed by Plaintiff "did not represent an objective good faith effort to comply with the definition of an expert report" and therefore constituted "no report," even though timely served, such that Appellants should be awarded mandatory attorney's fees.

It its opinion the Court reaches this conclusion because the report " was made by a person not qualified to testify regarding the standard of care." See Court's Opinion, Page 6. Therefore, the Court also concluded, that Appellant should be entitled to a mandatory award of attorney's fees as per **Tex. Civ. Prac. & Rem. Code § 74.351(b)**, and remanded the case to the trial court for further evidentiary findings on the attorney fees issue.

Under the statute, mandatory attorney's fees are appropriate if no report at all is filed within 120 days or if the report filed does not constitute an objective good faith effort to comply with the statute.

Appellee's respectfully requests that the Court reconsider this conclusion in light of the Supreme Court's opinion in *Scoresby v. Santillan*. In the *Scoresby*

case, the Supreme Court appears to ease the definition of what constitutes an

objective good faith effort to comply with the statute.  The court stated:

> **"Based on the Act's text and stated purposes, we hold that a document qualifies as an expert report if it contains a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit."**
>
> **"This lenient standard avoids the expense and delay of multiple interlocutory appeals and assures a claimant a fair opportunity to demonstrate that his claim is not frivolous."**

*Scoresby v.  Santillan*, 346 S.W.3d 546, 54 Tex. Sup. Ct. J. 1413 (Tex.,

2011).

The Supreme Court's opinion in *Scoresby* seems to impart greater discretion

to the trial court to determine if a report meets the minimum standard for a report

and if such report constitutes an objective good faith effort to comply.

In light of the *Scoresby* opinion, this Court's decision that Dr. Arauco's

expert was so devoid and deficient, based on his lack of qualifications alone, as to

not even constitute a good faith effort to comply, is an extraordinarily strict

application of the statute and results in a harsh application of the law.  Under the

minimum standards discussed in by the Supreme Court in *Scoresby*, this Court's

decision arguably creates an unjust outcome as to Plaintiff, by requiring her to pay attorney's fees. Plaintiff made a seeming good faith effort to file a report on time and to then amend the report to further attempt to comply with requirements of the statute. Such manifest efforts should not lead to an award of attorney's against the Plaintiff – a result seeming intended to punish truly frivolous law suits.

The abuse of discretion standard requires action by the trial court that is arbitrary and unreasonable and without reference to any guiding rules or principles. This Court's opinion that the Trial Judge not only abused his discretion in finding that the expert report meets the minimal standard for the case to proceed, but that the expert report did <u>not even</u> constitute an objective good faith effort to comply, is an over application of the rule and creates an unjust result.

As discussed in Appellee's Brief, this case involved a simple broken leg injury and a simple analysis of a health care facility's duty to protect patients from common injuries (such a being dropped by staff). These facts are important, in that they are overriding and provide a <u>reasonable basis</u> for the Trial Judge's decision. This Court's decision unduly strips the trial judge of discretion provided to him by the statute.

# PRAYER

For these reasons, Appellee requests that this court reconsider its opinion and issue a revised opinion according to the arguments above, reversing the Trial Judge's order denying Appellant's Motion to Dismiss, but NOT remand for any further proceedings.

Respectfully submitted,

Date: February 26, 2015      /s/ Julius S. Staev

_____

Julius S. Staev
Texas Bar No. 00792855
jstaev@staevlaw.com
Brian R. Arnold
Texas Bar No. 01340195
arnoldenda@aol.com
2101 Cedar Springs Rd., Ste. 1050
Dallas, Texas 75201
Tel: (214) 347-0569
Fax: (214) 279-5674

*Counsel for Appellee*

## CERTIFICATE OF SERVICE

This certifies that the undersigned served Appellee's Motion for Rehearing, by sending it to counsel for Appellant, Bryan Rutherford, Esq., MacDonald Devin, P.C., 1201 Elm Street, Ste. 3800, Dallas, Texas 75270, by Email service through the *eFileTexas Electronic Filing System,* on February 26, 2015.

/s/ Julius S. Staev

_____

Julius S. Staev

*Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

This brief complies with the typeface requirements of Tex. R. of App. Proc. R. 9.4 because the brief has been prepared and is printed in the conventional typeface of Time New Roman no smaller that 14 point style, except for footnotes, which are in 12 point style.

This brief also complies with the length requirements of Tex. R. of App. Proc. R. 9.4 because this brief contains less than 4,700 words, excluding parts of the brief that are exempted.

The undersigned understands that a material misrepresentation in this certificate or circumvention of the types style or length limits of Tex. R. of App. Proc. R. 9.4 may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

This brief was filed electronically with the Court with an electronic copy being sent to Appellants' counsel.

/s/ Julius S. Staev
Julius S. Staev

*Counsel for Appellee*